NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3298

MICHAEL D. RAY,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED: May 3, 2006

_____

Before LOURIE, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

Michael D. Ray petitions for review of the final decision of the Merit Systems Protection Board ("Board") denying his individual right of action appeal alleging that the agency took retaliatory action against him because of disclosures he made that were protected under the whistleblower statute, 5 U.S.C. § 2302. Ray v. Dep't of Defense, No. SF-1221-04-0105-W-2 (M.S.P.B. June 2, 2005). We affirm.

## BACKGROUND

Michael D. Ray was formerly a meat cutter worker, WG-7407-05, at the McClellan Air Force Base Commissary. Ray v. Dep't of Defense, No. SF-1221-04-0105-W-2, slip op. at 2 (M.S.P.B. September 2, 2004). On May 31, 2003, Ray was

removed from his position for being absent without leave ("AWOL"). Id. According to the agency, Ray was AWOL from September 21, 2002 until April 3, 2003. Id. Ray was also charged with failure to "follow proper procedures to secure sick and/or leave without pay" and failure to "provide the agency with the degree of medical documentation it requested." Id.

Ray filed a complaint at the Office of Special Counsel alleging reprisal by his superiors for protected disclosures that he had previously made. Id. According to Ray, he informed Davis Carey, the commissary director, that, inter alia, the commissary was overcharging for its meats. Id., slip op. at 5. In retaliation for this disclosure, Ray alleges that he was removed from his position for being AWOL. Based on witness testimony, the Administrative Judge ("AJ") determined that Ray had made a protected disclosure to Carey regarding meat pricing. Id., slip op. at 7. The AJ, however, concluded that Ray failed to establish that his protected disclosure contributed to his removal action. Id. According to the AJ, Carey, who was not the deciding official on Ray's removal, testified that he did not disclose his communications with Ray to anyone. Id. The AJ also relied on the testimony of Michael Selkirk, who was the deciding official. Selkirk testified that he removed Ray because Ray, despite numerous requests, failed to provide medical documentation supporting his absence from the workplace. Id., slip op. at 8. Selkirk also testified that he was unaware that Ray had made any protected disclosure. Id. Lastly, the AJ considered the long length of time that passed between when Ray made his protected disclosure, July 23, 2001, and when he was removed, May 23, 2003.

The Board denied Ray's petition to reconsider the AJ's initial decision, rendering that decision final. Ray timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Congress has expressly limited the scope of our review in an appeal from the Board. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993).

On appeal, Ray assigns error to the AJ's weighing of evidence, in particular, the testimony of Carey and Selkirk. Ray also argues that the AJ failed to give proper weight to his documentary evidence, which he claims establishes that he was unable to return to work as of September 12, 2001 due to a medical disability.

The Board's weighing of evidence is virtually unreviewable, including credibility determinations of witnesses. Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). Given this high standard of review, we do not find any error in the AJ's reliance on the testimony of Carey and Selkirk. Moreover, Ray has provided us with no evidence to contradict the testimony given by those witnesses. Ray's conclusory assertion that Carey's and Selkirk's testimony were "lies" is not sufficient to enable us to reverse the Board's decision. In addition, although Ray indicates that there are documents supporting his assertion that he was completely disabled and could not return to work, we have not found such documents in the record provided to us. Thus,

05-3298                                    -3-

there is no basis for us to conclude that the Board erred in reaching any of its findings. Lastly, Ray has not addressed the actual basis for the Board's denial of his whistleblower claim, viz., that Ray failed to prove that his protected disclosure was a contributing factor in his removal. Thus, we must affirm.